Stock Yards National Bank of South St. Paul v. Commissioner.
Stock Yards Natl. Bank of South St. Paul v. Commissioner
Docket No. 111537.
United States Tax Court
1944 Tax Ct. Memo LEXIS 114; 3 T.C.M. (CCH) 972; September 18, 1944
*114 Grant W. Anderson, Esq., c/o Northwestern Nat. Bank & Tr. Co. of Minneapolis, Minneapolis, Minn., for the petitioner. Edward C. Adams, Esq., for the respondent. VAN FOSSAN Supplemental Memorandum Opinion VAN FOSSAN, Judge: In this case a memorandum findings of fact and opinion was entered on May 6, 1944, and decision for the respondent entered the same day. On May 15, 1944 petitioner filed a motion for reopening and reconsideration, representing that a certain stipulation had not been given effect in the decision and that the opinion against petitioner was primarily based on the absence of certain facts as to voting rights of preferred stock which were assumed by both parties not to be controlling and which, if the facts were submitted, would demonstrate that the assumption made by this Court in the absence of the facts was erroneous. Petitioner supported its motion by affidavits and other data. On May 23, 1944 an order was entered vacating the previous decision and amending the report so as to provide for decision under Rule 50. On further consideration of petitioner's motion the Court, on June 19, 1944, entered an order permitting the parties to submit by stipulation the further *115 evidence as to the voting rights of the preferred stock and on July 31, 1944 a "Supplemental Stipulation of Facts" with attached exhibits was filed by the parties. In our original opinion we found that petitioner had failed to prove whether or not the preferred stock had voting rights, such proof being essential to a finding consonant with the petitioner's claim that there was a reorganization within the meaning of the term as found in section 112 (g) (1) (C) of the Revenue Act of 1938. Decision was accordingly for the respondent. The additional evidence now before us fills the gap in the chain of facts and we now find that there was a reorganization within the cited section. All of the petitioner's stock was voting stock, both common and preferred. The aggregate of all petitioner's stock was 3,000 shares, of which Northwest Bancorporation owned 2,450 shares, or 81.7 per cent. There were no other classes of stock. This state of facts satisfies the statutory requirement of "control" and, taken in conjunction with other facts appearing in the original opinion, requires the holding that there was a statutory reorganization. The above holding is not, however, an end of the matter. There *116 remains the question of basis under section 113 (a) (7) (B), which provides that in a taxable year beginning after December 31, 1935 where property is acquired by a corporation in connection with a reorganization "then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made." Consideration of this question was not necessary in our original opinion but such consideration is now required. The notice of deficiency and the statement of counsel at the hearing both indicated that the question of basis was the fundamental issue in the case. Proof of the basis under section 113 (a) (7) (B), as well as proof of the reorganization under section 112 (g) (1) (C) was part of the burden necessarily assumed by the petitioner in attempting to prove error in the respondent's determination of the deficiency. Respondent stated that on the present record the transferor's basis can not be determined. We concur in respondent's conclusion. In fact, in his reply brief petitioner's counsel inferentially admits *117 the absence of evidence establishing the basis of the property to the transferor. He defends by citing , and attacking the ethics of respondent in raising the point. Clearly, Helvering v. Taylor constitutes no answer here and respondent was fully within his rights and duty in urging the point. The prime question stated by counsel at the hearing was basis. The burden of proving all facts essential to a decision in its favor rested upon petitioner. Such burden is not successfully discharged by partial proof or proof of only one of two basic questions. A reading of the record brings one inescapably to the conclusion suggested by respondent. The transferor's basis can not be determined. For this reason decision on this point must be for the respondent. In the final paragraph of the findings of fact in the original opinion, due to typographical error, it was stated that the Mortgage Company "charged off all of its real estate assets to undivided profits at an aggregate valuation of $7,773.18." This figure should be $70,773.18, and it is corrected accordingly. Decision will be entered under Rule 50. *118